# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ANN Y. JOHNSON** | :: | |
|     plaintiff | | |
| | :: | **Case No.**   2:14cv174 |
| **vs.** | | |
| | :: | **Judge** |
| **PORTFOLIO RECOVERY** | :: | **Magistrate** |
| **ASSOCIATES, LLC.** | | |
| **c/o CSC-Lawyers Incorporating** | :: | |
| **50 West Broad St.** | | |
| **Suite 1800** | :: | |
| **Columbus, Ohio 43215** | | |
|     **defendant** | | |
| | :: | |

---

**Complaint Seeking Civil Damages, Declaratory & Permanent Injunctive Relief, Costs and Attorney Fees For Deceptive, Unfair, and Unconscionable Debt Collection Practices under the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act; and Jury Demand**

---

## <u>Introduction</u>

This action is brought pursuant to both federal law (Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.) and state law (Ohio's Consumer Sales Practices Act, O.R.C. §1345.01, et seq.) wherein plaintiff alleges that defendant has engaged in violations which consist of the filing of a legal action in

connection with the collection of a debt against plaintiff in a County in which the Plaintiff does neither resides in at the time of filing this suit nor the County in which the debt was initially contracted. In addition, plaintiff's seek declaratory and injunctive relief under OCSPA to enjoin such further unlawful activity on the part of the defendants.

## Claim One For Relief
## [Fair Debt Collection Practices Act]

## Jurisdiction

1.  This claim is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq*. [hereinafter referred to as the "Act"].

2.  This claim is for both statutory and actual damages brought by Plaintiff for Defendant's violations of the Act, which expressly prohibits a debt collector from engaging in unconscionable, deceptive and unfair debt collection practices.

3.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

## Parties

4.  Plaintiff, **Ann Y. Johnson,** [hereinafter referred to as **"Johnson"** or **"Plaintiff"**] is, and was at all times mentioned herein, a "consumer" as defined in the Act, 15 U.S.C.§1692a(3), who was allegedly obligated to pay a debt to defendant, PRA and who, at all times referenced herein, was and is a resident of Vinton County, Ohio.

5.  Defendant, Portfolio Recovery Association, LLC. **[**hereinafter referred to individually as **"PRA"** and collectively as "Defendants"**]** is a foreign Limited Liability Company which, upon information and belief, is incorporated under the laws of the state of Delaware but which operates and transacts business in the state of Ohio and other jurisdictions and which specializes in the purchase of and collection of distressed consumer debt consisting of defaulted and delinquent obligations or accounts which it claims to purchase from original creditors or other distressed debt buyers at a discount and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6). Additionally, it furnishes credit information to and accesses credit information from various credit reporting agencies.

6.  Defendant regularly engages in and transacts business in the state of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and/or through the initiation of litigation and use of the judicial system in Ohio and are subject to the jurisdiction of this Court.

7.  The debt in question, if owed by the Plaintiff, was incurred for personal, household or family purposes.

## Factual Allegations

8.  On or about February 11, 2014 Defendant filed a legal action against Plaintiff on an account allegedly owed by her entitled Portfolio Recovery Associates, LLC vs. Ann Y. Johnson which case was assigned no. 14CVF1400057 in the Gallipolis Municipal Court located in Gallia County, Ohio [hereinafter the "suit"].

9. Plaintiff, a resident of Vinton County, Ohio, neither resided in Gallia County at the time the suit was filed nor could she have entered into a contract in Gallia County for any debt or account which may have been the basis for such suit.

10. This same Defendant filed a suit for collection against this same Plaintiff in the same state Court on the same grounds in May, 2012. This resulted in a lawsuit being filed by Plaintiff in this Court in this case, case no. 2:12cv502 for violations of the Act which was ultimately settled to the benefit of the Plaintiff.

11. In spite of the above fact this Defendant, now possessing actual knowledge of the circumstances surrounding the Plaintiff's residence, has engaged in the identical unlawful conduct.

12. Without limiting the scope of any violation which may have been committed, Defendant's conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Act:

(a) the filing of a legal action in a judicial district in which a consumer did not contract or receive the services in question or where the consumer did not reside at the commencement of the suit in question in violation of 15 U.S.C. §1692i;

(b) the false representation of the character, amount or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

(c )the taking of action that cannot be legally taken in violation of 15 U.S.C. §1692e(5);

and,

(d) the utilization of false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C.§1692e(10), 15 U.S.C. §1692e. & 15 U.S.C. §1692f.

## Second Claim For Relief
### [Ohio Consumer Sales Practices Act]

### Jurisdiction

13.  This claim is made pursuant to the Ohio Consumer Sales Practices Act (hereinafter "OCSPA" or the "Act") Ohio Rev. Code (O.R.C.§1345.01.01 *et seq*.

14.  The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction as set forth in 28 U.S.C.§1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

### Parties

15.  The parties are the same as those alleged in claim one.

16.  Plaintiff is a "consumer" as defined in O.R.C. §1345.01(D).

17.  Defendant is a "supplier" as defined in O.R.C.§1345.01(C) in that, subsequent to the consummation of a consumer transaction, Defendant engaged in the conduct of attempting to collect a debt.

5

### Allegations

18.  Plaintiff hereby incorporates each and every allegation of claim one as of fully rewritten herein.

19.  Defendant's conduct in filing a collection suit in the manner set forth above in connection with a consumer debt, constituted an unfair and deceptive consumer sales practice in violation of O.R.C.§1345.02 and O.R.C. §1345.03 as follows:

20. Defendant knowingly made misstatements in connection with the collection of a debt arising from a consumer transaction which were designed to exaggerate the remedies or power of defendant to collect a debt or the consequences to the plaintiff of non-payment of the debt which plaintiff was likely to rely to his detriment  in violation of O.R.C. §1345.03(B)(6);

21. Defendant falsely misrepresented the rights, obligations and remedies that the plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10)

22. Plaintiff is entitled under the Act elect to recover statutory damages and actual damages.

23. Plaintiff is entitled to recover treble actual damages by virtue of the fact the decision in *Celebrezze vs. United Research*, 482 N.E.2d 1260(1984) expressly informing defendant that the activity alleged herein is unlawful and prohibited was contained in the Public Inspection File of the Ohio Attorney General at the time of the events alleged herein [see attached plaintiff's exhibit "A"].

24.  Further, unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff will suffer substantial and irreparable injury for which there is no adequate remedy at law.

## **Prayer for Relief**

Plaintiff prays for the following relief:

a. On each claim for relief, statutory and actual damages as may awarded by the Court;

b. On the second claim for relief, a declaration that the activity and conduct of the Defendant was unlawful;

c. On the second claim for relief, an injunction prohibiting Defendant from from engaging in such conduct now and in the future;

d. On each claim for relief, reasonable attorney fees for all services performed by counsel in the prosecution of this claim as provided bylaw;

e. On each claim for relief, reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

f. For a trial by jury on all appropriate issues; and

g. For any and all other relief this Court may deem appropriate.

Respectfully submitted by:

**/s/Steven C. Shane**
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
P.O. Box 73067
Bellevue, KY 41073
(859) 431-7800
(859) 431-3100 fax
shanelaw@fuse.net